## THE McLAIN NO. 5.

### ALBERT C. FIELD, Inc., v. McLAIN LINE, Inc.

### No. 13547.

District Court, E. D. New York.

Jan. 20, 1939.

Macklin, Brown, Lenahan & Speer, of New York City (Gerald J. McKernan, of New York City, of counsel), for libelant.

Mahar & Mason, of New York City, for claimant.

BYERS, District Judge.

This cause was started by a libel filed November 30, 1932, to which answer was filed February 6, 1934. It remained somnolent for four years, nine and one-half months, at the end of which period it emerged for trial.

The libelant seeks to recover for damage said to have been sustained to a part of a cargo of 24,637.30 bushels of wheat stored on the claimant's barge on September 16 and 24, 1929, and discharged therefrom on December 7, 1929.

Naturally the testimony has gained nothing in acuity by the lapse of time.

The libel asserts that the barge was subject to an agreement "to store, lighter and/or transport" this grain.

The answer states that the claimant chartered the barge to one Ryan, who sub-chartered to libelant, for an indefinite period, "to hold cargo".

At the trial it was stipulated "for the purpose of this trial I will stipulate that that was the agreement, to hold the cargo in the harbor".

Accordingly, it is found that such was the agreement between the libelant and the claimant.

The testimony was entirely consistent with that stipulation, for the barge took her cargo at the New York State Elevator in this port, from two other vessels, and laid in the adjacent slip until the discharge.

The question for decision is whether a cause in admiralty is thus presented.

Claimant relies upon Pillsbury Flour Mills Co. v. Interlake S. S. Co., 2 Cir., 40 F.2d 439, certiorari denied 282 U.S. 845, 51 S.Ct. 24, 75 L.Ed. 750.

That decision was that an alleged breach of a contract for "winter storage" of wheat contained in a bill of lading which embraced a contract for transportation, and also a contract for storage, stated a nonmaritime cause as to the latter, due performance of the former having been shown.

The libelant seeks to distinguish that case because it had to do with a vessel operating on the Great Lakes, while this barge was in the harbor of New York.

Nothing that I have been able to discover in the opinion so limits its scope.

The Jungshoved, 2 Cir., 290 F. 733, cited by libelant, was decided by the same court, but in the later opinion was discussed and found not to apply.

The testimony in this record touching the actual happenings during the period of the storage will not be the subject of comment; first, because it is highly conjectural, and second, because there is a state cause pending between the same parties, involving the same subject-matter, which may make a like leisurely progress to trial. If that should occur, the issues therein would not gain anything of value from comments upon the testimony in this cause.

Libel dismissed with costs. Settle decree.